**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____   )
AMERICAN PETROLEUM              )
INSTITUTE,                      )
                                )
    *Petitioner*,                  )   Case No. 12-1405
                                )
    v.                             )
                                )
U.S. ENVIRONMENTAL              )
PROTECTION AGENCY,              )
                                )
    *Respondent*.                  )
_____   )

**EPA'S STATUS REPORT**

Pursuant to this Court's order of October 30, 2017, Respondent, the United States Environmental Protection Agency ("EPA"), hereby provides the Court with its 90-day status report.

1. These cases originated from consolidated petitions for judicial review of EPA's final rule under the Clean Air Act entitled "Oil and Natural Gas Sector: New Source Performance Standards and National Emission Standards for Hazardous Air Pollutants Reviews," published at 77 Fed. Reg. 49,490 (Aug. 16, 2012) ("Final Rule"). Several petitioners also filed petitions for administrative reconsideration of the Final Rule. The Final Rule contains final actions on two different national

standards promulgated by EPA: (1) new source performance standards ("NSPS"), promulgated under section 111 of the Clean Air Act, 42 U.S.C. § 7411, and (2) national emission standards for hazardous air pollutants ("NESHAP"), promulgated under section 112 of the Clean Air Act, 42 U.S.C. § 7412. Because EPA exercised its discretion to combine these actions in the same rulemaking, the actions were finalized together.

2. Under a Court order dated April 3, 2013, the NSPS-related and NESHAP-related portions of this litigation are severed, with the NESHAP-related portion docketed as Case No. 12-1405. The NESHAP-related litigation has been held in abeyance since then pending EPA's consideration of the administrative reconsideration petitions.

3. On October 6, 2017, the Administrator of EPA issued a letter granting reconsideration of the 2012 NESHAP with respect to two issues and announcing that he is convening a proceeding for reconsideration of aspects of the 2012 NESHAP affected by these two issues. *See* Attachment to Respondent's Motion to Continue Holding Cases in Abeyance Pending Administrative Reconsideration, Doc. No. 1698120 (letter signed by E. Scott Pruitt, Administrator, dated Oct. 6, 2017; the motion was filed Oct. 10, 2017). The letter further states the Administrator's intention to take final action on remaining requests for administrative reconsideration at the same time or prior to taking final action on the two issues

identified in the letter. *Id.* The letter confirms that EPA will issue a proposal for public review and comment at a later date that addresses the issues EPA will consider. *Id.*

4. On October 30, 2017, the Court issued an order granting EPA's motion to continue holding the NESHAP-related cases in abeyance and requiring that EPA provide status reports at 90-day intervals beginning January 29, 2018. The Court further directed the parties to file motions to govern further proceedings within 30 days of the completion of the administrative reconsideration proceedings.

5. The administrative reconsideration proceedings discussed above are not yet complete. EPA notes that on December 1, 2023, it published in the Federal Register proposed amendments to the NESHAP for the oil and gas sector. Specifically, EPA is proposing to remove the affirmative defense provisions of the NESHAP for both the Oil and Natural Gas Production source category and the Natural Gas Transmission and Storage source category. 88 Fed. Reg. 83,889 (Dec. 1, 2023). Comments on this proposal are due on or before January 16, 2024. *Id.*

6. EPA further notes that on April 12, 2022, several environmental groups filed a complaint alleging that EPA's Administrator has failed to perform a nondiscretionary duty under 42 U.S.C. § 7412(d)(6) to "review, and revise as necessary" the NESHAP for the oil and gas sector. *California Communities Against Toxics v. Regan*, Civil Action No. 1:22-cv-1012 (D.D.C.). The complaint, which

was amended on July 6, 2022, also alleged that EPA unreasonably delayed in responding to Plaintiffs' 2012 reconsideration petition that is related to the above mentioned administrative reconsideration proceedings. On January 24, 2023, after the parties reached an agreement to resolve both claims in that case, EPA published a proposed consent decree pursuant to section 113(g) of the Clean Air Act, a statutory provision which requires that EPA "provide a reasonable opportunity by notice in the Federal Register to persons who are not named as parties or intervenors to the action or matter to comment in writing." 42 U.S.C. § 7413(g). On April 13, 2023, after EPA completed the section 113(g) process, the parties filed a joint motion to enter the proposed consent decree, which was granted on April 17, 2023. *See* Attachment 1 (*California Communities Against Toxics* consent decree as entered on April 17, 2023). The consent decree sets deadlines for, among other things, EPA's actions on issues in Plaintiffs' 2012 petition that EPA is reconsidering. Specifically, the consent decree requires that EPA sign a proposed rule by February 24, 2024 and a final rule by December 10, 2024 addressing an issue in the petition relative to a decision of this Court. Attachment 1; *see Natural Resources Defense Council v. EPA*, 749 F.3d 1055 (D.C. Cir. 2014); *see also* Dkt #1655401 (Respondent's Motion to Continue Holding Petitions in Abeyance ¶ 5, filed in the instant case on Jan. 11, 2017). The decree further requires that EPA sign a proposed

rule by December 10, 2024, and a final rule by December 10, 2025, addressing remaining issues in Plaintiffs' 2012 petition that EPA is reconsidering.

7. On December 1, 2023, the EPA published a proposed rule addressing an issue relative to a decision of the Court referenced in paragraph 6 above, thereby meeting the February 24, 2024 deadline in the consent decree. 88 Fed. Reg. 83,889. The EPA currently reviewing the comments received on that proposal.

8. As set forth in its October 2017 motion, EPA believes these cases should continue to remain in abeyance pending the conclusion of the reconsideration proceedings.

Respectfully submitted,

Dated: June 4, 2024   By:   /s/ *Brian H. Lynk*
BRIAN H. LYNK, D.C. Bar. No. 459525
Environment & Natural Resources Div.
Environmental Defense Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-6187 (tel.)
Attorney for Respondent

Of Counsel:
AMY HUANG BRANNING
Office of General Counsel (2344A) U.S.
Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, D.C. 20460

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing EPA's Status Report complies with the requirements of Fed. R. App. P. Rule 27(d)(2) because it contains 909 words according to the count of Microsoft Word and therefore is within the word limit of 5,200 words.

Dated:  June 4, 2024                                          */s/ Brian H. Lynk*
                                                                            Brian H. Lynk

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing EPA's Status Report has been filed with the Clerk of the Court this 4th day of June 2024, using the appellate CM/ECF System, causing true and correct copies thereof to be sent to all counsel of record through the appellate CM/ECF system.

*/s/ Brian H. Lynk*
Brian H. Lynk